DENNIS RAGLIN (Bar No. 179261)
dennis.raglin@sedgwicklaw.com
EMILY WEISSENBERGER (Bar No.248898)
emily.weissenberger@sedgwicklaw.com
SEDGWICK LLP
333 Bush Street, 30th Floor
San Francisco, CA  94104-2834
Telephone:    415.781.7900
Facsimile:    415.781.2635

Attorneys for Defendant
INVACARE CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DOMINIQUE HOUSE,<br><br>                    Plaintiff,<br><br>        v.<br><br>INVACARE CORPORATION, and Does 1 through 20 inclusive, ,<br><br>                    Defendant. | Case No. 1:15-cv-00153-SAB<br><br>**ORDER RE STIPULATED PROTECTIVE ORDER** |

By and through her attorneys of record, Plaintiff DOMINIQUE HOUSE, and Defendant INVACARE CORPORATION hereby stipulate to and petition the Court to enter the following Stipulated Protective Order:

**1.**        Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information or which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Under Rule 26(c)(I)(G), a protective order is necessary to avoid any prejudice or harm in the form of loss of attorney client work product or attorney client privilege or information that is confidential and or proprietary in nature which could result if such information is disclosed in the

absence of the protections set forth herein. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

2.      The parties agree that documents may be designated pursuant to Rule 26(a)(I) of the Federal Rules of Civil Procedure as "CONFIDENTIAL" under the terms of this Stipulation and Stipulated Protective Order (hereinafter "Order"), as information which has not been made public and which concerns or relates to information (regardless of how generated, stored or maintained) or tangible things that (i) constitute a trade secret or confidential or private or proprietary matters, including but not limited to financial, research, development, testing, design or commercial information, or that might be of competitive value to any entity other than the Designating Party; or (ii) were received in confidence from third parties.

3.      The Parties may designate such other certain documents, material, testimony, or other information derived therefrom as "CONFIDENTIAL" under the terms of this Stipulation and Stipulated Protective Order. The terms of this Protective Order will also apply to such certain other documents designated as "CONFIDENTIAL."

4.      By designating a document, including documents kept in electronic form, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL," under the terms of this stipulation, the party so designating is certifying to the court that there is a good faith basis both in law and in fact for the designation.

5.      Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. However, the producing party may designate a produced document confidential after production for good cause notwithstanding the lack of a "CONFIDENTIAL" stamp on the document.

6.      Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

7.      Designation in conformity with this Order requires:

2

1        (a) for information in documentary form (apart from transcripts of depositions or other

2    pretrial or trial proceedings), that the Producing Party/Parties affix or stamp the legend

3    "CONFIDENTIAL" the document. If only a portion or portions of the material on a page

4    qualifies for protection, the Producing Party/Parties must clearly identify the protected portions)

5    (e.g., by making appropriate markings in the margins).

6        (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

7    Party/Parties or non-party/parties offering or sponsoring the testimony identify on the record,

8    before the close of the deposition, hearing, or other proceeding, al l protected testimony, and

9    further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is

10    impractical to identify separately each portion of testimony that is entitled to protection, and

11    when it appears that substantial portions of the testimony may qualify for protection, the

12    Party/Parties or non-party/parties that sponsors, offers, or gives the testimony may invoke on the

13    record (before the deposition or proceeding is concluded) a right to have up to 30 days to identify

14    the specific portions of the testimony as to which protection is sought. Only those portions of the

15    testimony that are appropriately designated for protection within the 30 days shall be covered by

16    the provisions of this Stipulated Protective Order.

17        Transcript pages containing Protected Material must be separately bound by the court

18    reporter, who must affix on each such page the legend "CONFIDENTIAL," as instructed by the

19    Party/Parties or non-party/parties offering or sponsoring the witness or presenting the testimony.

20        (c) for information produced in some form other than documentary, and for any other

21    tangible items, that the Producing Party/Parties affix in a prominent place on the exterior of the

22    container or containers in which the information or item is stored the legend

23    "CONFIDENTIAL." If only portions of the information or item warrant protection, the

24    Producing Party/Parties, to the extent practicable, shall identify the protected portions.

25        (d) for material designated as "CONFIDENTIAL," the information contained therein, and

26    any summaries, copies, abstracts, or other documents derived in whole or in part from material

27    designated as confidential (Hereinafter "Confidential Material") shall be used for the purposes of

28    the prosecution, defense, or settlement of this action, and for no other purpose.

8.      Use Of Protected Material By Receiving Party/Parties. Unless otherwise ordered by the Court, or agreed to in writing by the Parties, all Protected Material, and all information derived therefrom, shall be used by the Receiving Party/Parties only for purposes of this litigation, and shall not be used in any other way, or for any other purpose. Information contained or reflected in Protected Materials, including but not limited to the title, heading or contents of Protected Materials, shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Protected Material, except in accordance with the terms of this Order.

9.      Use Of Protected Material By Designating Party/Parties. Nothing in this Order shall limit any Designating Party's/Parties' use of its own documents and information, nor shall it prevent the Designating Party/Parties from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

10.     Use of Protected Material at Depositions and Trials. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Protected Material of which such person has prior knowledge and/or to the extent the questions posed by the deposing attorney are reasonably calculated to lead to the discovery of admissible evidence.

11.     Any person other than the witness, his or her attorney(s) and any person qualified to receive Protected Material under this Order, shall be excluded from the portion of the examination concerning such information, unless the Producing Party/Parties consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A. In the event that such attorney declines to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" prior to the

examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Protected Material.

This section shall not prohibit the Party/Parties from attending trial even where they shall be admitted, or witnesses testifying regarding, Protected Material, nor shall it bar a Party/Parties from any examination regarding Protected Material. During the trial of this case, if any Party/Parties seeks to introduce into evidence documents which are subject to this Order, the Producing Party/Parties shall make the appropriate request of the Court to protect against the dissemination of such Protected Material.

12.     This Stipulation shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Stipulation shall not be deemed to prejudice the parties in any way in any future application for modification of this Stipulation. This Stipulation shall be effective between the parties irrespective of whether the Court executes this Stipulation and Proposed Order.

13.     If corrected within a reasonably timely manner upon discovery, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's/Parties' right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party/Parties, on reasonably timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

14.     Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, if, after the Producing Party/Parties becomes aware of any such disclosure, the Producing Party/Parties designates any such documents as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity,

and requests in writing return of such documents to the Producing Party/Parties. Upon request by
the Producing Party/Parties, the Receiving Party/Parties shall immediately retrieve and return all
copies of such document(s). No use shall be made of such documents during deposition or at
trial. Furthermore, a party who receives information or documents that appear to be privileged
and not intentionally produced shall promptly notify the Producing Party/Parties of such
information and documents and shall immediately return such information and documents to the
Producing Party/Parties.

15.     Nothing herein shall prevent the Receiving Party/Parties from challenging the
propriety of the attorney-client privilege, work product immunity or other applicable privilege or
immunity designation by submitting a written challenge to the Court; provided, however, that
such challenge shall not assert as a ground for challenge the fact of the initial production or
inspection of the documents later designated as attorney-client privileged, work product, or
subject to another applicable privilege or immunity.

16.     This Stipulation is entered solely for the purpose of facilitating the exchange of
documents and information between the parties to this action without involving the Court
unnecessarily in the process. Nothing in this Stipulation nor the production of any information or
document under the terms of this Stipulation nor any proceedings pursuant to this Stipulation
shall be deemed to have the effect of an admission or waiver by any party or of altering the
confidentiality or nonconfidentiality of any such document or information or altering any
existing obligation of any party or the absence thereof.

17.     This Stipulation shall survive the final termination of this action, to the extent that
the information contained in Confidential Material is not or does not become known to the
public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of
information disclosed hereunder. Upon termination of this case, counsel for the parties shall
assemble and return to the producing party all documents, material and deposition transcripts
designated as confidential-by that producing party, and all copies of same, or shall certify the
destruction thereof.

1    **IT IS SO STIPULATED:**

2

3    DATED:  April 12, 2015.              LAW OFFICES OF RICHARD A. FISHER

4
                                         By: /s/ Richard Fisher
5                                             Richard Fisher
                                             Attorneys for Plaintiff
6                                             DOMINIQUE HOUSE

7
     DATED:  April 21, 2015.              WILKINS, DROLSHAGEN & CZESHINSKI, LLP
8

9                                        By: /s/ James H. Wilkins
                                             James H. Wilkins
10                                            Attorneys for Plaintiff
                                             DOMINIQUE HOUSE
11

12   DATED:  April 21, 2015.              SEDGWICK LLP

13
                                         By: /s/ Emily M. Weissenberger for
14                                            Dennis E. Raglin
                                             Attorneys for Defendant
15                                            INVACARE CORPORATION

16

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

## ORDER

2  Based on the stipulation of the parties, IT IS HEREBY ORDERED that:

3  1.      The foregoing stipulated protective order is entered;

4  2.      The parties are advised that pursuant to the Local Rules of the United States

5          District Court, Eastern District of California, any documents which are to be

6          filed under seal will require a written request which complies with Local

7          Rule 141; and

8  3.      The party making a request to file documents under seal shall be required to

9          show good cause for documents attached to a nondispositive motion or

10         compelling reasons for documents attached to a dispositive motion.  Pinto v.

11         Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009).

12

13  IT IS SO ORDERED.

14  Dated:   **April 23, 2015**

UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28